IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RESOURCE ASSOCIATES GRANT
WRITING & EVALUATION SERVICES,
INC., a New Mexico Corporation,

    **Plaintiff,**

                                  CIV No. 15-1132 WPL/SCY

SOUTHAMPTON UNION FREE SCHOOL
DISTRICT, a New York School District,

    **Defendant.**

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on February 22, 2016 at the office of Defendant's counsel and was attended by:

Elizabeth Heaphy for Plaintiff Resource Associates Grant Writing & Evaluation Services, Inc., and Rodney Gabaldon for Defendant Southampton Union Free School District

### NATURE OF THE CASE

This case arises from an agreement between the parties, under which Plaintiff provided grant-writing and related services to Defendant. Plaintiff asserts that (1) Defendant breached the parties' contract, by failing to pay the compensation owed to Plaintiff for its services; and (2) Defendant would be unjustly enriched if it were allowed to retain the value of Plaintiff's services without paying Plaintiff. Defendant generally denies Plaintiff's claims. Further, Defendant maintains that Plaintiff's claims should be dismissed for lack of personal jurisdiction, or transferred to another district under the doctrine of forum non conveniens.

### AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff is considering filing a motion to amend its Complaint, but has not yet determined whether it will do so.

Plaintiff should be allowed until May 2, 2016 to move to amend the pleadings and until May 2, 2016 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

In lieu of filing an Answer, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction or to Transfer Venue. Defendant has not yet determined whether, to the extent it is required to file an Answer in this action, it will subsequently move to amend its Answer.

Defendant should be allowed until June 2, 2016 to move to amend the pleadings and until June 2, 2016 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties have not stipulated that venue is properly laid in this District, or that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or to Transfer Venue is currently pending before the Court and scheduled for a hearing on March 8, 2016. Nor have the parties reached a stipulation at this stage regarding the law governing this case.

The parties are willing to stipulate to the following facts:

1. Plaintiff is a New Mexico corporation, based in Farmington, New Mexico.
2. Defendant is a public school district located in Southampton, New York.
3. Plaintiff's business focuses on the provision of grant-writing and related services to nonprofit organizations, schools, businesses, governmental agencies, and other entities.

## PLAINTIFF'S CONTENTIONS

Plaintiff has significant experience and expertise in the field of grant writing services. In Autumn 2013, Defendant developed an interest in applying for a New York State Extended Learning Time Grant, a program under which New York school districts could receive funds to lengthen the school day or school year. Defendant engaged Plaintiff to write the grant proposal. On

approximately October 9, 2013, the parties entered into a Reciprocal Agreement ("Contract") to reflect the terms of their business arrangement.

The Contract included terms governing the compensation that Plaintiff would receive for its services.  The Contract did not obligate Defendant to pay any money to Plaintiff up front.  Rather, if the grant application succeeded and the Defendant was awarded the grant, Defendant would be required to engage Plaintiff (or another company selected by Plaintiff) for post-award evaluation services. The Contract provided that Defendant would pay Plaintiff 10% of the amount of the grant award for the evaluation services.  The Contract further provided that, in the event Defendant received the grant but refused the grant award, Defendant would be obligated to pay Plaintiff 10% of the amount of the grant award as liquidated damages.

Upon the parties' entry into the Contract, Plaintiff proceeded to provide Defendant with valuable services in connection with applying for the extended learning grant.  Plaintiff's efforts were successful.  The New York State Education Department awarded Defendant a grant in the amount of $2,572,402 in June 2014.  However, Defendant's Board of Education voted in Autumn 2014 to reject the grant.  Defendant failed to notify Plaintiff about this decision and instead evaded Plaintiff's communications for several months.  Plaintiff finally learned in March 2015 that Defendant had refused the grant award.  Plaintiff promptly sent Defendant's Board of Education a demand letter seeking payment of liquidated damages in the amount of $257,240.  Defendant has failed to pay the amounts owed to Plaintiff.

Plaintiff has been harmed by its failure to receive any compensation for the valuable grant writing services it rendered on Defendant's behalf.  Plaintiff is therefore entitled to damages from Defendant under theories of breach of contract and quantum meruit.  Plaintiff disputes the two defenses which have been raised by Defendant to date—lack of personal jurisdiction and forum non conveniens.  Defendant voluntarily transacted business in New Mexico by pursuing and entering into a substantial contract with Plaintiff, a New Mexico company.  Thus the Court may properly exercise

jurisdiction over Defendant.  Further, Defendant cannot show that the Eastern District of New York would be a more convenient forum than this District.

## DEFENDANT'S CONTENTIONS

Defendant specifically denies any liability in this case under any of the theories of recovery articulated by the Plaintiff. The Defendant further asserts Plaintiff has failed to demonstrate either that Defendant has subjected itself to jurisdiction in New Mexico, or that in the alternative the case should not be transferred to New York. The Defendant asserts that New York law is applicable to the contract formation and enforcement, and that the District has certain defenses under New York law. The Defendants deny they are responsible for an award of damages, in any amount, to the Plaintiff.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:  *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

WITNESSES

At this time, Plaintiff anticipates that the following witnesses will either testify or be deposed:

1. Debbie Oftedal
    c/o Robert J. Muehlenweg and Elizabeth A. Heaphy
    Rammelkamp, Muehlenweg & Cordova, PA
    316 Osuna Rd. NE, Unit 201
    Albuquerque, NM 87107

    Ms. Oftedal is the Plaintiff's Chief Financial Officer.  She will testify regarding matters including the parties' entry into the Contract, Plaintiff's communications and attempted communications with Defendant about the grant award, the damages Plaintiff has suffered as a result of Defendant's actions, and the demand letter she sent to Defendant in March 2015.

2. John Nawrocki
    c/o Robert J. Muehlenweg and Elizabeth A. Heaphy
    Rammelkamp, Muehlenweg & Cordova, PA
    316 Osuna Rd. NE, Unit 201

      Albuquerque, NM 87107

      Mr. Nawrocki is Plaintiff's Development Manager. He will testify regarding matters including the parties' entry into the Contract and Plaintiff's communications and attempted communications with Defendant about the grant award.

3. Marissa Berg
   c/o Robert J. Muehlenweg and Elizabeth A. Heaphy
   Rammelkamp, Muehlenweg & Cordova, PA
   316 Osuna Rd. NE, Unit 201
   Albuquerque, NM 87107

   Ms. Berg is a Quality Control Manager employed by Plaintiff. Ms. Berg will testify regarding the grant writing services provided by Plaintiff to Defendant.

4. Karenann Volinski
   Contact information to be determined

   Ms. Volinski formerly served as Defendant's Coordinator of Data and Assessment/ CIO. She is expected to testify regarding matters including the parties' entry into the Contract, Plaintiff's communications and attempted communications with Defendant about the grant award, and Defendant's decision to refuse the grant award.

5. Dr. Scott Farina
   c/o Rodney L. Gabaldon
   Walsh Gallegos Trevino Russo & Kyle, PC
   500 Marquette Ave. NW, Suite 1360
   Albuquerque, NM 87102

   Dr. Farina is Defendant's Superintendent. He is expected to testify regarding matters including the parties' entry into the Contract, Plaintiff's communications and attempted communications with Defendant about the grant award, and Defendant's decision to refuse the grant award.

6. Additional witnesses identified through discovery.

7. Witnesses required for rebuttal.

8. Witnesses identified by Defendant.

At this time, Defendant anticipates that the following witnesses will either testify or be deposed:

1. Dr. Scott Farina
   c/o Rodney L. Gabaldon
   Walsh Gallegos Trevino Russo & Kyle, PC
   500 Marquette Ave. NW, Suite 1360
   Albuquerque, NM 87102

Dr. Farina is the Superintendent Southampton Union Free Schools. He is expected to testify regarding knowledge of the events described in the pleadings.

2. Dr. Nicholas Dyno
   c/o Rodney L. Gabaldon
   Walsh Gallegos Trevino Russo & Kyle, PC
   500 Marquette Ave. NW, Suite 1360
   Albuquerque, NM  87102

   Dr. Dyno is the Assistant Superintendent of Southampton Union Free Schools. He is expected to testify regarding knowledge of the events described in the pleadings.

3. Karenann Volinski
   c/o Rodney L. Gabaldon
   Walsh Gallegos Trevino Russo & Kyle, PC
   500 Marquette Ave. NW, Suite 1360
   Albuquerque, NM  87102

   Ms. Volinski at the time was the Coordinator of Data and Assessment of Southampton Union Free Schools and Representative of the New York State Education Department-New York State Extended Learning Time Grant Program. She is expected to testify regarding knowledge of the events described in the pleadings.

4. Heather McCallion
   c/o Rodney L. Gabaldon
   Walsh Gallegos Trevino Russo & Kyle, PC
   500 Marquette Ave. NW, Suite 1360
   Albuquerque, NM  87102

   Ms. McCallion serves on the Board of Education of Southampton Union Free Schools. She is expected to testify regarding knowledge of the events described in the pleadings.

5. Amanda Gutierrez
   c/o Robert J. Muehlenweg and Elizabeth A. Heaphy
   Rammelkamp, Muehlenweg & Cordova, PA
   316 Osuna Rd. NE, Unit 201
   Albuquerque, NM 87107

   Ms. Gutierrez is the Outreach Assistant of Capacity Builders, Inc. She is expected to testify regarding knowledge of the events described in the pleadings.

6. Barbara Benson
   17855 Dallas Parkway, Suite 400
   Dallas, Texas 75267

      Ms. Benson is the Chief Financial Officer of Cambium Education d/b/a Voyager Learning. She is expected to testify regarding knowledge of the events described in the pleadings.

7. Stephan Rudolph
   17855 Dallas Parkway, Suite 400
   Dallas, Texas 75267

   Mr. Rudolph is Vice President, Regional Sales Cambium Education d/b/a Voyager Learning. He is expected to testify regarding knowledge of the events described in the pleadings.

8. Debbie Oftedal
   c/o Robert J. Muehlenweg and Elizabeth A. Heaphy
   Rammelkamp, Muehlenweg & Cordova, PA
   316 Osuna Rd. NE, Unit 201
   Albuquerque, NM 87107

   Ms. Oftedal is the Plaintiff's Chief Financial Officer. She is expected to testify regarding knowledge of the events described in the pleadings.

9. John Nawrocki
   c/o Robert J. Muehlenweg and Elizabeth A. Heaphy
   Rammelkamp, Muehlenweg & Cordova, PA
   316 Osuna Rd. NE, Unit 201
   Albuquerque, NM 87107

   Mr. Nawrocki is Plaintiff's Development Manager. He is expected to testify regarding knowledge of the events described in the pleadings.

10. Marissa Berg
    c/o Robert J. Muehlenweg and Elizabeth A. Heaphy
    Rammelkamp, Muehlenweg & Cordova, PA
    316 Osuna Rd. NE, Unit 201
    Albuquerque, NM 87107

    Ms. Berg is a Quality Control Manager employed by Plaintiff. Ms. Berg is expected to testify regarding knowledge of the events described in the pleadings.

11. Any witness identified by any other party.

12. Any additional witnesses as may be identified in the discovery process.

13. Other witnesses made necessary as rebuttal witnesses.

    Defendant expressly reserves the right to identify additional witnesses, including expert witnesses, in accordance with the deadlines established by the Court.

DOCUMENTS

At this time, Plaintiff anticipates that the following documents will likely be admitted as evidence in this action:

1. Reciprocal Agreement dated October 9, 2013

2. Email exchanges among parties culminating in entry into Reciprocal Agreement, including emails dated October 4 through 9, 2013

3. October 2013 grant application and related work materials

4. Documentation reflecting grant award by New York State Department of Education to Defendant (June 2014)

5. Emails from Plaintiff to Defendant, July-August 2014, regarding award, acceptance, and potential postponement of grant

6. Documentation of decision by Defendant to reject grant

7. Emails from Plaintiff to Defendant, September to March 2014, reflecting attempted communications about status of grant

8. Letter from Debbie Oftedal to Southampton Public Schools Board of Education, dated March 26, 2015

9. Plaintiff may identify additional documents through the course of discovery.

At this time, Defendant anticipates that the following documents will likely be admitted as evidence in this action:

1. Reciprocal Agreement between the parties.

2. Board meeting Minutes discussing the New York State Extended Learning Time Grant Program.

3. Southampton School's application for the New York State Extended Learning Time Grant Program.

4. E-mail exchanges between the parties beginning with soliciting by Plaintiff generating a "lead" for Plaintiff dated September 26, 2013 and all other e-mail correspondence between the parties.

5. Any documents related to Plaintiff's claimed damages.

6. Any exhibits identified in the course of discovery.

  7. Any exhibits necessary for rebuttal.

EXPERTS

  Plaintiff has not yet determined whether it will retain any expert witnesses to testify in this matter.

  Defendant has not yet determined whether it will retain any expert witnesses to testify in this matter.

DISCOVERY

  Discovery will be needed on the following subjects:

  By Plaintiff:  Discovery into Defendant's procedures for deciding to refuse the grant; factual basis for any affirmative defenses raised by Defendant; other subjects to be determined.

  By Defendant:  The facts alleged in Plaintiff's Complaint and facts giving rise to the alleged damages.

  Maximum of 25 interrogatories by each party to any other party.  (Responses due 30 days after service).

  Maximum of 40 requests for production by each party to any other party.  (Response due 30 days after service).

  Maximum of 25 requests for admission by each party to any other party.  (Response due 30 days after service).

  Maximum of 8 depositions by Plaintiff and 8 by Defendant.

  Each deposition (other than of party representatives) limited to maximum of 4 hours unless extended by agreement of parties.  Depositions of party representatives limited to 7 hours unless extended by agreement of parties.

  Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff by May 23, 2016.

from Defendant by June 24, 2016.

Supplementation under Rule 26(e) due within 30 days of receiving and/or identifying information requiring supplementation.

All discovery commenced in time to be complete by July 22, 2016.  If the Court orders that the parties should engage in early discovery regarding factual issues raised by Defendant's pending Motion to Dismiss for Lack of Personal Jurisdiction, such discovery should be completed within 45 days of entry of the Court's order.

Other Items:  *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

At this time, Plaintiff has not identified any pretrial motions it intends to file, other than discovery or evidentiary motions (such as motions to compel or motions in limine).  If and when Defendant asserts affirmative defenses in its Answer, Plaintiff will consider whether any Motions for Summary Judgment are appropriate.

Defendant intends to file a motion for summary judgment.  Defendant may also file a motion to stay proceedings pending the disposition of its Motion to Dismiss for Lack of Personal Jurisdiction.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 3 days

 _X_  This is a non-jury case.

 ____ This is a jury case.

The parties request a pretrial conference one month before trial.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to the Court's ruling on Defendant's pending Motion to Dismiss for Lack of Personal Jurisdiction.  The parties will further

confer about when they would like a settlement conference after the Court issues its ruling on the pending Motion to Dismiss.

## **EXCEPTIONS**

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

Additional factual stipulation proposed by Plaintiff, but not agreed to by Defendant:  In October 2013, the parties entered into the Reciprocal Agreement attached to the Plaintiff's Complaint as Exhibit 1.

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

　　/s Elizabeth A. Heaphy_____

*For Plaintiff*

Dated: March 2, 2016            　/s/ Rodney L. Gabaldón_____
RODNEY L. GABALDÓN
Walsh Gallegos Treviño Russo & Kyle, PC
500 Marquette Ave. NW, Suite 1360
Albuquerque, NM  87102
rgabaldon@wabsa.com

*Attorneys for Defendant Southampton Union Free School District*